ABRAHAM T. WILLIAMSON *vs.* THE INHABITANTS OF EAST AMWELL, IN THE COUNTY OF HUNTERDON.

1. In assessing the damages sustained by a landholder by laying out a road through his lands, the benefits accruing to him by opening the road should not be taken into consideration.

2. If the basis upon which damages are estimated by is, taking the value of the land and the cost of fencing, and it appear that the amount of damages allowed is not equal to the value of the land taken and the cost of the fence, the assessment will be set aside.

On *certiorari* in matter of public road.

*G. A. Allen* and *Wurts*, for plaintiff in *certiorari*.

*Vansyckel* and *Beasley*, for defendants.

The opinion of the court was delivered by

OGDEN, J.   If the adjudication which has been brought into this court for review by this *certiorari* should be disturbed, it must be done upon the second reason or upon the last reason on which the plaintiff relied.   The substance of the second reason is, that the tribunal below acted upon an erroneous principle.   It appears, by the case, that a public road had been laid out in the township of East Amwell, which crossed the land of the plaintiff in *certiorari*, and that the surveyors, under the first section of the act, assessed the damages of the plaintiff at $505 ; that being dissatisfied with the amount, he applied, under the fifth section of the road act, to a judge of the Court of Common Pleas for the appointment of three freeholders to review the matter ; that Mr. Hoffman, Mr. Wyckoff, and Mr. Coryell were duly appointed by the judge ; that they met for the purpose of a reassessment, and made a report, which is dated the 28th day of August, 1858, signed by John M. Wyckoff and Ingham Coryell, and filed on the 27th of September, 1858, whereby they report that they had reassessed the damages of Mr. Williamson, and had increased the amount therefor to the sum of $533.

This reassessment was not satisfactory in amount, and he has removed the proceedings of the freeholders by this *certiorari*.

The illegal and erroneous principle on which it has

been urged that they acted was the allowance of estimated benefits which the landholder would derive from the road, and the deduction of them from the actual damage which he would sustain in the erection of fences along the line of the road and the value of the land taken for the road, and in their making the reassessment for the balance of the damages.     The facts should be established by the plaintiff, and if they have been made out, the report should be set aside on that ground.

In 3 *Zab.* 383, this court determined that the assessing tribunal was not bound to deduct benefits; and if they are not bound by law to do so in all cases, they cannot be au thorized to do so in any case, because the rule of law governs the whole matter of assessment of such damages where the statute is silent on the subject.     All the freeholders have been examined under the rule entered for taking testimony.

Mr. *Hoffman,* who did not sign the return, testified that he declined joining in the report because he did not consider the amount sufficient to recompense the landholder for the damages done to him; that the other freeholders talked about deducting benefits, but that he opposed it, as being erroneous; and that he cannot say that they did make any such deduction, because he did not see their figures.

Mr. *Wyckoff* testified that *he* proposed that the benefits should be deducted, but Mr. Hoffman opposed it; and as he thought that Mr. Hoffman knew more law than he did, he yielded to him, and did not make a deduction or allowance therefor.

Mr. *Coryell* also testified to the same purport.

The plaintiff has failed to prove the adoption of any illegal principle by the freeholders in making the reassessment, or at least there is a serious conflict of testimony on the point.

The last and general reason was, that the action of the reviewers was in divers others respects illegal and *errone-*

*ous.* It is manifest, from the testimony before the court, embracing that of Mr. Sutphen, the practical surveyor, that three acres and a fraction of the land of Mr. Williamson will be required for public use when the road, as laid, shall be opened. All the freeholders valued the land at $80 per acre, which alone amounts to $240.

It is equally well proved that at least 600 pannels of new fence will be required for protecting the other land of the plaintiff. The freeholders fixed the price thereof either at 75 or at 80 cents a pannel. If at 75 cents, the whole cost of fence amounts to $450 ; if at 80 cents, it amounts to $480. The value of the land, as estimated by them, and the costs of the fence, at the lowest price per pannel, amounts to $690, and at the highest price per pannel, to $720. The sum reported by the freeholders was $533 for all the damages. This difference between the results, *viz.* $157, or $187, can only be accounted for by the assumption that a mistake was made by the freeholders in adding up the two items for which they allowed damages, to the prejudice and loss if the landholder, or that they allowed estimated benefits to reduce the sum of the actual damages. In either aspect, the reassessment is erroneous.

The report of the freeholders must be set aside. The case will then stand upon the assessment which was made by the surveyors, and it will rest with the counsel for the plaintiff in *certiorari* to suggest to the court the mode by which that assessment can hereafter be corrected, if wrong.

CITED *in Swayze* v. *N. J. Midland R'y Co.,* 7 *Vr.* 300; *State* v. *Pierson,* 8 *Vr.* 367.